UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICHARD P. WEBER,

                Plaintiff,

    v.                                       **DECISION AND ORDER**
                                                    07-CV-615S

AVX PENSION PLAN FOR BARGAINING
UNIT AND HOURLY EMPLOYEES ("THE PLAN");
PENSION PLAN COMMITTEE, AS ADMINISTRATOR
OF AVX PENSION PLAN FOR BARGAINING UNIT
AND HOURLY EMPLOYEES ("THE ADMINISTRATOR"),

                Defendants.

## I. INTRODUCTION

Presently before this Court is Plaintiff's Motion for Attorney's Fees. (Docket No. 27.)[1] For the reasons discussed below, Plaintiff's motion is denied.

## II. BACKGROUND

This Court assumes the parties' familiarity with the facts and record of proceedings in this case. Only those facts necessary to resolve the present motion are discussed below.

Plaintiff Richard P. Weber was formerly employed by Olean Advanced Products ("Olean"), a division of AVX Corporation ("AVX"). As a result of his employment, Plaintiff was a participant in the AVX Pension Plan for Bargaining Unit and Hourly Employees

---

[1] Plaintiff has also submitted a memorandum of law in support of his motion for attorneys fees. (Docket No. 30.)

1

("Plan"). Under the Plan, disabled employees may begin collecting disability benefits in one of two ways – opt for early retirement at 62 or wait until they reach 65-years of age.

When he was 60-years old, Plaintiff stopped working for Olean after his doctor determined that he was totally and permanently disabled. Plaintiff then asked the Plan Administrator to begin immediately distributing disability benefits to him. The Plan Administrator informed Plaintiff that he was unable to immediately collect disability benefits because he was 60-years old at the time he left Olean, and further advised that he could elect early benefits at 62, or wait until the normal retirement age of 65. Plaintiff appealed the Plan Administrator's decision, and his was appeal was denied.

Thereafter, Plaintiff commenced this action alleging claims for the wrongful denial of benefits under the Employee Retirement Income Security Act ("ERISA"), common law breach of contract, equitable estoppel, and reformation.

Defendants then moved for summary judgment. By Decision and Order filed on September 27, 2009, this Court granted Defendants' motion for summary judgment after finding that Defendants' interpretation of the Plan was correct. (Docket No. 25.) On September 28, 2009, the Clerk of the Court entered summary judgment in favor of Defendants and this case was closed.[2]

Plaintiff, the non-prevailing party, then moved to recover attorney's fees of $22,962.50. (Docket No. 27.) Defendants submitted a memorandum of law in opposition to Plaintiff's request (Docket No. 31), and Plaintiff has submitted a reply (Docket No. 32).

---

[2] Plaintiff has appealed this Court's decision granting summary judgment in favor of Defendants. (Docket No. 28.)

## III.  DISCUSSION

**A.     Standard**

Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), allows district courts to award attorneys' fees and costs to either party.  "Section 502(g)(1) contains no requirement that the party awarded attorney's fees be the prevailing party."  Miller v. United Welfare Fund, 72 F.3d 1066, 1074 (2d Cir. 1995).  The Second Circuit has held that there are five factors governing such awards:

> (1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants.

Chambless v. Master, Mates & Pilots Pension Plan, 815 F.2d 869, 871 (2d Cir. 1987)).

**B.     Analysis**

Applying these factors to the instant case, I find that an award of attorney's fees is not appropriate.  With respect to the first factor, the record contains no indication that Defendants were culpable or acted in bad faith.  The terms of the Plan were set forth in writing and available to Plaintiff, and the Plan Administrator processed Plaintiff's claim, explained to him why he was not entitled to the immediate distribution of disability benefits, and entertained his appeal.  After Plaintiff refused to accept the Plan Administrator's explanations, he commenced this suit whereupon this Court granted summary judgment in favor of Defendants.  Thus, the first Chambless factor weighs against Plaintiff.

The remaining Chambless factors also do not support the award of attorney's fees.  For instance, an award of fees is unlikely to have a deterrent effect.  Plaintiff sought to

3

avoid the application of clear, unambiguous Plan terms. An award of fees will not compel these Defendants, or others, to act contrary to their Plan documents. Thus, the third factor weighs against Plaintiff. Additionally, the fourth factor – the relative merits of the parties' positions – does not support Plaintiff's request because this Court granted summary judgment in favor of Defendants. Similarly, the fifth factor does not support Plaintiff because his suit was specific to him and did not have "the effect of conferring a common benefit." See Chambless, 815 F.2d at 872 (holding that effect of suit, rather than the purpose for which it was brought, is controlling for purposes of the fifth factor). Lastly, even assuming that Defendants are able to satisfy an award of attorney's fees, the second factor does not support Plaintiff because all of the other Chambless factors weigh against an award of attorney's fees. Park v. Trustees of 1199 Seiu Health Care Employees Pension Fund, 418 F. Supp. 2d 343, 359 (S.D.N.Y. 2005) ("Given that the Chambless factors tilt so heavily against awarding plaintiff's attorneys fees, the Court need not inquire into the Defendants' ability to satisfy such an award of attorney's fees. . . ").

Accordingly, none of the five Chambless factors weigh in favor of Plaintiff's request for attorney's fees.

## IV. CONCLUSION

For the foregoing reasons, and upon application of the five Chambless factors, Plaintiff's Motion for Attorney's Fees is denied.

## V.  ORDERS

IT IS HEREBY ORDERED, that Plaintiff's Motion for Attorney's Fees (Docket No. 27) is DENIED.

SO ORDERED.

Dated: January 4, 2010
       Buffalo, NY

                                                <u>/s/William M. Skretny</u>
                                                WILLIAM M. SKRETNY
                                                          Chief Judge
                                               United States District Court